|-WALTER J. ROTHSCHILD, Judge.
Appellant, Professional Service Group, Inc., (hereinafter “PSG”) appeals from a summary judgment rendered in favor of plaintiffs in this suit for wrongful termination of employment. For the reasons stated more fully herein, we reverse and remand.

Facts and Procedural History

In July of 1995, PSG entered into a contract with the City of Kenner (the “City”) to operate and maintain the City’s three waste water treatment plants and its related waste water collection system, including the City’s seventy-six pumping stations. Prior to this contract, these facilities were operated and maintained by the City of Kenner and its employees.
At the time the contract was executed, the parties agreed that PSG would offer employment to the City of Kenner employees who had been previously assigned to work at these facilities. Specifically, Paragraph 3.3 of the contract provided as follows:
PSG shall offer employment to all personnel of Kenner currently assigned full-time to the Project and those Kenner employees whose names appear on Appendix PSG shall provide such employees with wage and benefits packages comparable to or better than |4those packages provided by Kenner. The initial PSG benefits package to be provided former Kenner employees consists of, at a minimum, the benefits handout provided employees of February 20, 1995, plus *1288 any additional written guarantees agreed to by the City and PSG. The handout and additional guarantees are found in Appendix “J” to this document. It is understood by both parties that as benefits are changed by PSG for general employees within the company, such changes shall apply to former Kenner employees as well. PSG will continue to provide employment to all personnel who accept employment with PSG so long as they are proven acceptable for performing job related functions based upon PSG’s pre-assignment physical examination and drug screening testing and they continue to perform their duties in a satisfactory manner. Where applicable, all such personnel must hold current licenses, certificates or authority to perform the work required hereunder. Nothing herein shall be construed to create in any third party a right to employment with PSG. Except as herein provided, the personnel identified in Appendix “I” shall be maintained, except as reduced by normal attrition.
The term of the agreement is contained in Section 9.1, which provides:
The term of this Agreement shall be five (5) years commencing on July 1, 1995. Kenner shall have the option to terminate this agreement for convenience at the end of the third contract year by notifying PSG of its election at any time prior to April 1998. In the event the Internal Revenue Service lifts or modifies its proscription of ten (10) year service contracts as presently set forth in I.R.S. Rev. Proc. 93-19, the initial term of this Agreement shall be extended automatically ten (10) years and the option to terminate after three years shall become void.
Effective May 16, 1997, the I.R.S. lifted its proscription as to ten-year service contracts, and, as a result of the above contractual provisions, the term of the original agreement was extended automatically ten years. In July of 1999, PSG and the City entered into an amended and restated agreement which contained the following provision:
PSG employees who were formerly Ken-ner employees and whose duties are no longer necessary for operation of the Project shall be offered employment within PSG, should an opening exist for their skill level and at an Inappropriate rate of pay for the position, at other PSG facilities that might have openings, or be terminated should such options not be acceptable or be available to the employee(s).
Additionally, the amended agreement deleted the provision in the original contract whereby PSG agreed to “continue to provide employment to all personnel who accept employment with PSG so long as they are proven acceptable for performing job related functions.” In August of 1999, PSG terminated the employment of four former employees of the City of Kenner.
On July 25, 2000, plaintiffs William J. Bagley, Jr., James Layerle and Keith Osborne filed the instant petition for damages, alleging that they were terminated in violation of the 1995 contract. Plaintiffs named as defendants in this suit both PSG and the City of Kenner. The original petition was subsequently amended to include as plaintiff Catherine Simon, also a former Kenner employee who was terminated by PSG. Specifically, plaintiffs allege three claims: that they were third party beneficiaries to the original agreement, that they were parties to the agreement and that they relied on the agreement between PSG and the City to their detriment.
Defendants initially filed a Joint Motion for Summary Judgment on the basis that under the terms of the agreement, plaintiffs were neither third party beneficiaries *1289 nor parties to the agreement. Further, defendants contended that plaintiffs had no factual or legal basis for its claim of detrimental reliance. By judgment dated June 5, 2001, the trial court denied defendants’ motion for summary judgment as to plaintiffs’ claims of third party beneficiary and detrimental rebanee. However, on the same date, the trial court granted defendants’ motion for summary judgment dismissing plaintiffs’ claims that they were actual parties to the agreement.
1 fiBoth plaintiffs and defendants sought supervisory review of these trial court rulings by way of supervisory writs. A panel of this Court denied defendants’ application for writs as to the third party beneficiary and detrimental rebanee claims on the basis that these issues were not ripe for summary judgment. Bagley v. Professional Services Group, et al., 01C727 (La.App. 5 Cir. 7/25/01). However, the panel granted the plaintiffs’ appbeation for writs from the dismissal of their claim that they were actual parties to the agreement. In that disposition, the panel stated as follows:

WRIT GRANTED

We find that the trial court erred in its determination that the plaintiffs were not parties to the contract. We find that, pursuant to clauses 3.3, 10-6 and Appendix I in the 1995 contract, the plaintiffs are parties to the contract.
Bagley, et al v. Professional Services Group, et al, 01C745 (La.App. 5 Cir. 7/25/01).
Defendants sought review from this ruling in the Louisiana Supreme Court and this writ appbeation was denied on January 11, 2002. Fobowing this ruhng, proceedings resumed in the trial court.
On June 27, 2002, plaintiffs filed a motion for partial summary judgment on the issue of bability of defendants, PSG and the City of Kenner. By this motion, plaintiffs contended that the writ disposition of July 25, 2001 by this Court was the law of the case, and that defendants violated the 1995 agreement when PSG terminated plaintiffs. By judgment dated September 5, 2002, the trial court granted the summary judgment in favor of plaintiffs. In its oral reasons for judgment, the trial court found that the writ disposition of this Court dated July 25, 2001 is the law of the case and that the plaintiffs are parties to the 1995 contract. The trial court determined that PSG’s termination of plaintiffs was a violation of the 1995 contract and rendered judgment in favor of plaintiffs on this basis.
|7On October 15, 2002, plaintiffs moved for summary judgment on the issue of monetary damages owed to them as a result of the trial court’s finding of liability. Plaintiffs argued that based on the provisions of La. C.C. art. 2749[1], they were entitled to receive the fub amount which they would have received had they worked the entire term of the original agreement. By judgment dated January 13, 2003, the trial court granted the plaintiffs’ motion as to defendant PSG, but denied the motion as to defendant the City of Kenner based on the court’s finding that PSG was plaintiffs’ employer. The total award given by the trial court for ab four plaintiffs was $976,597.78.
PSG now appeals from the judgment of the trial court which awards damages to *1290 the plaintiffs on the basis that they were parties to the original agreement that was breached by PSG. For the reasons stated more fully herein, we find that the trial court erred in its determination of PSG’s liability, and we therefore reverse the summary judgment.

Law and Discussion

A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any show there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of La. State Univ., 591 So.2d 342, 345 (La.1991).
In reaching its determination that PSG breached the terms of the 1995 contract by terminating plaintiffs’ employment, the trial court relied on the | adoctrine of law of the case. In its reasons for judgment signed on January 13, 2003, the court stated as follows:
This Court holds as the Fifth Circuit decision held in this case “that we find pursuant to clauses 3.3, 10.6 and Appendix I in the 1995 contract, that the plaintiffs were parties to the contract.” Clearly it is a service contract with regard to Kenner and Professional Services Group, Inc. (“P.S.G.”). It cannot be anything but an employment contract as to the plaintiffs, because they did not have the ability to individually contract to provide services. They did not have the legal authority. They are parties to the contract, because the Fifth Circuit determined that Kenner and P.S.G. agreed to make them parties to it. For the above reasons, this Court finds that it is an employment contract.
The trial court then determined that the term of the contract had been extended to ten years as of May 16, 1997 pursuant to Section 9.1 of the original agreement. Further, the court found that PSG, as plaintiffs’ employer, was liable for damages based on the provisions of La. C.C. art. 2749. Finally, the court awarded plaintiffs damages based on plaintiffs’ rate of pay at the time of termination of their employment through the balance of the contract.
Appellant contends that the trial court erred in relying on the previous writ disposition in by this Court as law of the case. Conversely, plaintiffs contend that this Court’s ruling must be construed as law of the case and therefore, the trial court correctly found that the plaintiffs were actual parties to the contract executed in 1995.
In rendering the disposition on the writ application in this case, the Court was presented with the issue of whether plaintiffs had standing to contest the terms of the contractual agreement between the City of Kenner and PSG. Defendants had brought a motion for summary judgment based in part of the argument that plaintiffs were not “parties” to the agreement and therefore had no basis to bring the suit. The trial court agreed with defendants as to this argument, and the previous panel of this Court determined that plaintiffs did have standing to bring |9the suit based on the contractual provisions contained in sections 3.3, 10.6 and Appendix “I.” We acknowledge that the specific language of the writ disposition may have reasonably caused the trial court to believe that the appellate court had made a legal determination that the plaintiffs were parties to the agreement and had all of the attendant rights thereof.
We have carefully reviewed the entire record in this matter, including the initial *1291 motion for summary judgment filed by defendants, the trial court’s ruling, this Court’s resulting writ dispositions and the subsequent proceedings in the trial court. Our review of the record indicates that the language of the prior writ disposition was not intended as a legal determination as to the merits of the case. Rather, the panel intended to convey its finding that the plaintiffs had a right under the contract to maintain its suit against defendants. While the trial court’s interpretation of this Court’s holding is understandable, we nevertheless conclude that there has been no clear legal finding that the plaintiffs are entitled to judgment for breach of contractual provisions that they were parties thereto. Based on this determination, we now turn to the provisions of the subject contract to determine whether plaintiffs were entitled to judgment as a matter of law in this case.
Interpretation of a contract is the determination of the common intent of the parties. La. C.C. art.2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. C.C. art.2046. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La. C.C. art.2050.
By the express terms of the agreement between PSG and the City of Kenner, PSG agreed to offer employment to former Kenner city employees listed in Appendix “I” to the agreement, and to continue to provide employment “so long as they are proven acceptable for performing job related functions based upon PSG’s ImPre-assignment physical examination and drug screening testing and they continue to perform their duties in a satisfactory manner.” Agreement, Section 8.3. This section of the agreement also contained a provision that “nothing herein shall be construed to create in any third party a right to employment with PSG.” Agreement, Section 3.3.
Section 10.6 of the contract, which was relied upon by the previous panel of this Court in determining that plaintiffs were parties to the agreement, provides as follows:
This Agreement, including Appendix “A” through Appendix “M” is the entire Agreement between the parties. This Agreement may be modified only by written agreement signed by both parties to which shall be attached appropriate authority to enter into such modification. Wherever used, the terms “PSG” and “Kenner” shall included the respective officers, agents, directors, elected or appointed officials and employees and, where appropriate, subcontractors.
Further, the agreement provided that amendments or changes are authorized by the mutual consent of Kenner and PSG, but such amendments or changes must be in writing. Agreement, Section 10.11.
The original agreement was signed by a representative of PSG on June 30, 1995 and by a representative of the City of Kenner on July 5, 1995. Further, the names of the four plaintiffs were included in Appendix “I” which was entitled “Ken-ner employees to be offered employment by PSG.” None of the former Kenner employees signed the original agreement.
On July 28,1999, the City of Kenner and PSG entered into an amended and restated agreement which replaced the original agreement in its entirety. Section 3.3.1 of the amended agreement provided as follows:
PSG employees who were formerly Kenner employees, and whose duties are *1292 no longer necessary for operation of the Project shall be offered employment within PSG, should an opening exist for their skill level [nand at an appropriate rate of pay for the position, at other PSG facilities that might have openings, or be terminated should such options not be acceptable or be available to the employee(s).
This amended agreement was signed on July 28, 1999 by a representative of the City of Kenner and on July 30, 1999 by a representative of PSG. Plaintiffs argue that the City of Kenner and PSG modified the agreement without plaintiffs’ consent, and thereby violated plaintiffs’ rights under the 1995 agreement.
However, our review of the 1995 agreement fails to conclusively show that the employment offered to plaintiffs was guaranteed for a specific term. The contract is a contract for services for a specified term, and although it contains a provision regarding the employment of former Kenner employees, it is unclear whether the term specified applies to the offer of employment as well. Under the circumstances presented here, we fail to find that the plaintiffs are entitled to judgment as a matter of law of their claim for wrongful termination of their employment.
Further, we find that the original agreement specifically provided that it could be modified in writing by the mutual consent of Kenner and PSG. As indicated by their signatures of appointed representatives on the 1999 amended agreement, both Kenner and PSG mutually consented and approved of the changes to the agreement. Although plaintiffs contend that any amendment or change to the 1995 contract required their individual consent or approval, nothing in the agreement between the parties specifically requires such individual consent. Rather, the 1995 agreement was originally executed by representatives of the City of Kenner and PSG, and plaintiffs were not required to approve or consent to the terms of the original agreement.
For these reasons, we conclude that the trial court erred in concluding as a matter of law that the 1995 agreement between the City of Kenner and PSG | ^constituted an employment contract for a definite time,, period which was breached by the subsequent amendment thereto entitling plaintiffs to damages as a matter of law. Rather, we find that the 1995 agreement clearly provided that the agreement could be amended upon mutual consent of the parties. Reading the original contract as a whole, we find that it fails to unequivocally provide that plaintiffs were guaranteed employment with PSG for a specified term notwithstanding any modification of the agreement. As such, we find that plaintiffs failed to prove as a matter of law that the termination of their employment constituted a breach of the original agreement, or that they were entitled to damages as a result thereof. The status of the litigants and any rights or entitlements under this agreement are to be determined by the trier of fact.
Accordingly, we conclude that the summary judgment finding PSG hable and awarding damages to plaintiffs against PSG for the termination of plaintiffs’ employment was improperly granted and is hereby reversed and vacated. The case is remanded to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

. La. C.C. art. 2749 provides: Liability for dismissal of laborer without cause
If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.